CARTER, Judge,
concurring.
I am in agreement with the majority opinion and further set forth that, in my opinion, neither the United States Constitution, nor the Louisiana Constitution of 1974, guarantees to an individual or concern the right to poison the environment.
In the instant case, B.F.I. has been afforded substantive and procedural due process, both in the hearing of November 16, 1982, and the hearings commencing on May 14, 1983. On the other hand, B.F.I. has consistently pursued a course of conduct obviously intended to delay the closure of its facility until its selected date in 1985.
B.F.I. was aware of a possible closure hearing as early as November of 1982; and, by letter dated March 11, 1983, B.F.I. in effect requested the. hearing by stating:
We believe ... any plan for the orderly closure and cessation of landfilling activities should be considered during the March 14,1983 hearing scheduled on this matter ... it is contemplated that compliance and/or performance standards for an orderly closure will be established at that time. This is the appropriate procedural approach and the one set forth in the Hazardous Waste Management Plan Regulations.
B.F.I. got its hearing, and a fair one, with complete substantive and procedural due process rights; however, B.F.I. did not get the exact date which it sought for closure and now complains that legal technicalities were not observed. This position is ridiculous and of little solace to the populace subjected to poisoned air, surface and ground water.
LSA-R.S. 30:1146 and 30:1066 provided ample authority for the Environmental Control Commission to proceed and reach the results obtained herein.